van der Veen, Hartshorn, and Levin
Bruce L. Castor, Jr.
I.D. No. 46370
Michael T. van der Veen
I.D. No. 75616
Attorneys for Plaintiffs
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: bcastor@mtvlaw.com
**Attorneys for Plaintiffs**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF FANTA BILITY, | : | |
| BY AND THROUGH SIDIKIE KAMARA, | : | **CIVIL ACTION** |
| AS ADMINISTRATOR OF THE ESTATE | : | |
| OF FANTA BILITY | : | **No. 21-cv-04697** |
| | : | |
| *And* | : | |
| | : | |
| TENNEH KROMAH | : | |
| | : | **JURY TRIAL DEMANDED** |
| *And* | : | |
| | : | |
| MAWATTA BILITY | : | |
| | : | |
| *And* | : | |
| | : | |
| ABU BILITY | : | |
| | : | |
| *And* | : | |
| | : | |
| BANGALEE BILITY | : | |
| | : | |
| *And* | : | |
| | : | |
| MAMSU BILITY, | : | |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF SHARON HILL | : | |

1110 Spring Street                                          :
Sharon Hill, PA 19079                                       :
                                                            :
*And*                                                       :
                                                            :
RICHARD HERRON                                              :
Sharon Hill Chief of Police                                 :
(In His Official and Individual Capacities)                 :
1110 Spring Street                                          :
Sharon Hill, PA 19079                                       :
                                                            :
*And*                                                       :
DEVON SMITH                                                 :
(In His Official and Individual Capacities)                 :
Sharon Hill Police Officer                                  :
1110 Spring Street                                          :
Sharon Hill, PA 19079                                       :
                                                            :
*And*                                                       :
                                                            :
SEAN DOLAN                                                  :
(In His Official and Individual Capacities)                 :
Sharon Hill Police Officer                                  :
1110 Spring Street                                          :
Sharon Hill, PA 19079                                       :
                                                            :
*And*                                                       :
                                                            :
BRIAN DEVANEY                                               :
(In His Official and Individual Capacities)                 :
Sharon Hill Police Officer                                  :
1110 Spring Street                                          :
Sharon Hill, PA 19079                                       :
                                                            :
                                                            :
                                                            :
                    *Defendants.*                           :

## ***THIRD AMENDED COMPLAINT***

## **INTRODUCTION**

This case involves the death of 8-year-old Fanta Bility who, according to the Delaware

County, Pennsylvania Investigating Grand Jury and the District Attorney of Delaware County, was

shot at by three Sharon Hill police officers, and died of a gunshot wound.  One of the bullets fired

by the same police officers also struck Fanta's sister, Mamsu, as a result of unreasonable and

unwarranted use of force.  This case seeks answers and damages for the tragic and unnecessary

death of Fanta Bility, the grievous injury of her sister, and the trauma visited upon their family as

a result of the misconduct of Sharon Hill Police Officers.

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to

the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the

aforementioned statutory and constitutional provisions.

2.      Jurisdiction lies over state law claims based on the principals of supplemental

jurisdiction, as codified at 28 U.S.C. § 1367.

3.      The amount in controversy exclusive of interest and costs dramatically exceeds the

sum of One Hundred Fifty Thousand Dollars ($150,000.00).

## VENUE

4.      All the claims herein arose within the jurisdiction of the United States District Court

for the Eastern District of Pennsylvania and involve Defendants who reside within the

jurisdictional limits.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b)

and (c).

## PARTIES

5.      Plaintiffs in this matter are the Estate of Fanta Bility through Sidikie Kamara as

Administrator of the Estate of Fanta Bility, Mawatta Bility, Tenneh Kromah, Abu Bility, Bangalee

Bility, and Mamsu Bility.

6.      Tenneh Kromah is the mother of Fanta Bility.

7.      Mamsu Bility is the sister of Fanta Bility.

8.      Abu Bility, Bangalee Bility and Mawatta Bility are siblings of Fanta Bility.

9.      Defendant Borough of Sharon Hill (hereinafter, "Defendant Borough," "Borough of Sharon Hill" or "Borough") is a municipality, organized by and through the Commonwealth of Pennsylvania.

10.     Defendant Richard Herron, at all times relevant hereto, was the Borough of Sharon Hill's Chief of Police employed by and an agent of the municipality. At all times relevant hereto, Richard Herron was charged with maintaining and enforcing the Sharon Hill Police Department's practices, policies, and procedures.  He is sued in his official capacity as a decisionmaker and in his individual capacity.

11.     At all times relevant hereto, Defendants Smith, Dolan, and Devaney (collectively, "Defendant Officers") were duly appointed and acting officers of the Sharon Hill Police Department (hereinafter, "SHPD").  They are sued in their individual capacities.

## FACTS

**August 27, 2021 Shooting**

12.     On August 27, 2021 at approximately 8:45 PM, Sharon Hill Police Officers Smith, Dolan, and Devaney heard gunshots while on duty a block or more away from the Academy Park High School Football Stadium.  Defendant Officers were assigned security detail for the high school football game occurring that evening.

13.     Around this time, the high school football game ended and patrons in attendance began to leave the stadium through the only exit.

14.     Defendant Officers unreasonably, recklessly, and demonstrably incorrectly determined that the occupants of a vehicle driving past the Stadium were responsible for the

gunshots; however, the occupants of this vehicle were unarmed, engaging in no criminal activity, bore no relationship to the aforesaid gunshots heard by police, and posed no threat to the police officers or the community at large.

15.     The driver of the vehicle was an innocent 19-year-old woman with another innocent woman of similar age in the front passenger seat.  No other persons were present in the vehicle.

16.     Due to their unreasonable and mistaken belief that the occupants of this car were the source of the audible gunshots, Defendant Officers fired twenty-five (25) rounds toward the moving vehicle with the specific intent to kill the young women inside, after concluding they were authorized in using deadly force against the women in the moving car.

17.     As the car was moving and turned left in front of the officers, while bullets fired by these officers struck the vehicle, the "background" beyond the moving car was changing until the officers' weapons firing upon the car became directly in line with civilians leaving the football game.  Some bullets fired by Defendant Officers then traveled beyond the moving car and into the crowd of innocent bystanders exiting the game.

18.     One of the 25 bullets fired by Defendant Officers in the direction of the crowd struck eight-year-old Fanta Bility.  Forensic Pathologist Dr. Gary Collins of the Delaware County Office of the Medical Examiner determined the bullet that killed Fanta entered the right side of her back first striking her liver and then her heart before exiting her body through her chest at the left nipple.  Dr. Collins ruled the cause of death was a "gunshot wound to the torso."

19.     Fanta later succumbed to her injuries after lying in her mother's arms while her mother attempted to comfort the terror-stricken little girl before she lost consciousness and died.

20.     Two other children, one of whom was Fanta's sister Mamsu, were also injured by the bullets fired by Defendant Officers.

21.     Fanta and Mamsu's family members, including Tenneh Kromah, Abu Bility, Bangalee Bility, and Mawatta Bility, witnessed these events and the injuries sustained by Fanta and Mamsu Bility.

22.     Tenneh Kromah, Abu Bility, Bangalee Bility, and Mawatta Bility were all located within the zone of danger when the police gunfire occurred.

**Aftermath of August 27, 2022**

23.     Following these tragic events, on September 16, 2021, the Sharon Hill Borough Council (hereinafter, "Borough Council") voted to appoint Kelley Hodge, Esq. (now a judge of this Honorable Court), and the Law Firm of Fox Rothschild LLP as special counsel to investigate and draft a report regarding the SHPD's use of force policies and procedures (hereinafter, the "Report").

24.     Upon information and belief, the Borough Council paid $76,000 for the completion of the Report.

25.     On July 14, 2022, the Borough Council announced that the investigation had been completed and the Report had been received.  Borough Council noted its express intent to release the Report to the public immediately following internal review.

26.     On July 29, 2022, the Borough Council released a heavily redacted version of the 54-page report.  Any and all conclusions, recommendations, and analysis were redacted from the Report.  Various other paragraphs, sentences, and footnotes were redacted from the Report without any provided explanation.

27.     While the Report notes that the SHPD has the authority to impose additional training requirements to better prepare its officers, reference to *what* additional training required by the SHPD (if any) is redacted.

28.     On August 2, 2022, Borough Council President Tanya Allen released a statement that the Council chose to redact Ms. Hodge's conclusions and recommendations in the interest of justice and respect for the active litigation related to the tragic event.

29.     Upon information and belief, the Report contains information critical of the customs, policies, practices, procedures, and/or training of Defendant Borough police related to this matter.

**Policies and Procedures of the SHPD**

30.     On and before August 27, 2021 Defendant Borough had in place customs, practices, policies, and/or procedures related to crowd control, directing traffic, policing in school zones, motor vehicle stops, shooting at motor vehicles, and use of deadly force and other written and unwritten procedures.

31.     On and before August 27, 2021 Defendant Borough had a duty to maintain custom, practices, policies and/or procedures that protected citizens from violations of the Constitution, violations of the constitution the laws of the Commonwealth of Pennsylvania, Delaware County, and the Borough.

32.     Upon information and belief, on and before August 27, 2021 Defendant Borough knew or should have known that its police department customs, practices, policies and procedures related to active shooting scenarios, crowd control, policing in school zones, shooting at motor vehicles, use of deadly force and use of weapons failed to adequately provide police in the Borough with sufficient guidance and training to protect citizens.

33.     Upon information and belief, Defendant Borough knew or should have known that its police officers, prior to August 27, 2021, were not provided with adequate training and guidance in the field experiences with active shooters, motor vehicle stops, policing at schools, crowd

control and other police techniques that should have been known, trained upon, and taught in the local community.

34.     Prior to the events of August 27, 2021 Defendant Officers were not provided with any training in reality-based shooting scenarios that would simulate conditions in which police officers must make judgment decisions on when to fire and whether or not to fire their service weapons.

35.     Prior to the events of August 27, 2021 Defendant Officers were not provided with any training in reality-based shooting scenarios with a scoring system and minimum threshold passing score to ascertain each officers' grasp of the use of force lessons taught them as part of simulated conditions evaluating and documenting an officer's use of judgment on when to fire and whether to utilize deadly force by firing their service weapons.

36.     Defendant Borough and Defendant Chief knew on and before August 27, 2021 that its police officers would reasonably be required to respond within the Borough to calls of guns and gun shooting-related complaints, including at schools and other public places.

37.     Defendant Borough and Defendant Chief failed to take the Constitutionally necessary steps to provide appropriate customs, practices, policies, procedures and/or training under such circumstances, including but not limited to adequate and necessary reality based training and other measures to protect innocent citizens and particularly said citizens at schools and gatherings in the Borough seeking to enjoy the simply freedoms that come with being Americans and Pennsylvanians like attending a Friday night under the lights community high school football contest.

**COUNT ONE**
**VIOLATION OF 42 U.S.C. § 1983**
**FOURTH AMENDMENT VIOLATIONS**
**(Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)**

38.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

39.     By using excessive and deadly force as described above, Defendant Officers, acting under the color of state law, by the intentional and objectively unreasonable use of deadly force, violated and deprived Plaintiffs Fanta and Mamsu Bility of their clearly established and well-settled civil rights to be free from unreasonable searches and seizures and the use of excessive, unreasonable, and deadly force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the laws and constitution of the Commonwealth of Pennsylvania.

40.     Without any lawful justification or reasonable provocation, Defendant Officers willfully and maliciously caused the death of Fanta Bility and seriously injured Mamsu Bility.

41.     Defendant Officers' use of excessive and deadly force directly and proximately caused Mamsu Bility's serious physical and psychological injuries, and likewise was the direct and proximate cause of Fanta Bility's death.

42.     Defendant Officers acted with reckless and callous indifference to the federally protected rights of the surrounding citizens, warranting an award of punitive damages to the fullest extent permitted by law.

43.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT TWO**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN**
**(Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)**

44.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

45.     Before August 27, 2021, the Borough of Sharon Hill, with deliberate indifference to the rights and safety of its citizens, failed to ascertain whether its officers were adequately trained to encounter active shooters, motor vehicle stops, policing at schools, and crowd control.

46.     Before August 27, 2021, the Borough of Sharon Hill, with deliberate indifference to the rights and safety of its citizens, failed to properly train Defendant Officers to handle active shooters, motor vehicle stops, policing at schools, and crowd control.

47.     Before August 27, 2021, the Borough of Sharon Hill, with deliberate indifference to the rights and safety of its citizens, failed to ensure its officers' awareness, knowledge and adherence to the policies and directives in place, though inadequate upon information and belief, with regard to active shooters, motor vehicle stops, policing at schools, or crowd control.

48.     Before August 27, 2021, the Borough of Sharon Hill, with deliberate indifference to the rights and safety of its citizens, failed to ensure Defendant Officers' awareness, knowledge and adherence to the policies and directives in place, though inadequate upon information and belief, with regard to active shooters, motor vehicle stops, policing at schools, or crowd control.

49.     The Borough and Chief Herron knew, or should have known, that failure to adequately train SHPD officers, specifically with regard to use of force, crowd control, and active shooter situations, would foreseeably result in harm to Borough citizens and others.

50.     As such, the Borough of Sharon Hill exhibited deliberate indifference to the known and obvious consequences of failing to train its officers with regard to appropriate use of force, active shooter situations, motor vehicle stops, policing at schools, and crowd control.

51.     Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT THREE**
**VIOLATIONS OF 42 U.S.C. § 1983**
**STATE CREATED DANGER**
**(All Plaintiffs v. Defendant Officers)**

52.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

53.     Defendant Officers, acting under color of state law, exercised their authority as SHPD officers in such a manner that placed Plaintiffs at serious risk of suffering substantial injury.

54.     The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the substantive due process right to be free from state-created dangers.

55.     Defendant Officers violated this right by taking affirmative steps which placed Plaintiffs at imminent and foreseeable risk of danger and harm.

56.     Plaintiffs substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendant Officers' acts and omissions, and

a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

57.     Absent Defendant Officers' unreasonable use of deadly force, Fanta and Mamsu Bility would not have been shot.

58.     Absent Defendant Officers' unreasonable use of deadly force, Tenneh Kromah, Abu Bility, Bangalee Bility, and Mawatta Bility would not have suffered severe mental, physical, and emotional distress as the result of seeing members of their family gravely/fatally wounded.

59.     Defendant Officers acted with reckless and callous indifference to the federally protected rights of the surrounding citizens whom they unreasonably placed in grave danger, warranting an award of punitive damages to the fullest extent permitted by law.

60.     Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT FOUR**
**VIOLATIONS OF 42 U.S.C. § 1983**
**STATE CREATED DANGER**
**(All Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)**

61.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

62.     The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the substantive due process right to be free from state-created dangers.

63.     Defendants Borough of Sharon Hill and Chief Herron violated this right by taking affirmative steps or omissions which placed Plaintiffs at imminent and foreseeable risk of danger and harm.

64.     Plaintiffs substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of Defendants Borough of Sharon Hill and

Chief Herron's acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

65.     Absent Defendants Borough of Sharon Hill and Chief Herron's unreasonable failure to train and supervise, Fanta and Mamsu Bility would not have been shot.

66.     Absent Defendants Borough of Sharon Hill and Chief Herron's unreasonable failure to train and supervise, Tenneh Kromah, Abu Bility, Bangalee Bility, and Mawatta Bility would not have suffered severe mental, physical, and emotional distress as the result of seeing members of their family gravely/fatally wounded.

67.     Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT FIVE**
**VIOLATIONS OF 42 U.S.C. § 1983 (*Monell*)**
**UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM**
**(Estate of Fanta Bility v. Borough of Sharon Hill)**

68.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length. References to Plaintiff Estate include the person of Fanta Bility where context indicates such.

69.     Before August 27, 2021, the Borough of Sharon Hill, with deliberate indifference to the rights of its citizens, initiated, tolerated, permitted, failed to correct, promoted, and/or ratified a custom, pattern or practice on the part of its officers, including Defendant Officers, with regard to active shooters, motor vehicle stops, policing at schools, and crowd control.

70.     Through the Borough and Chief Herron's ratification and approval, and by the failure to implement, enforce, or educate all officers consistently on these points, their conduct operated as approval of an unconstitutional policy, custom, or practice related to active shooters, motor vehicle stops, policing at schools, and crowd control.

71.     Plaintiff's mortal wounds, and the unconstitutional violation of her rights, were directly and proximately caused by the aforementioned *Monell* acts and omissions by the Borough, and as such, the Borough is liable for the physical, mental, and emotional harm to Plaintiff caused as a result leading up to and including her death to Plaintiff.

72.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

**COUNT SIX**
**ASSAULT AND BATTERY**
**(Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)**

73.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

74.     By the conduct set forth above, by physically assaulting, battering, shooting, and killing Fanta Bility, Defendant Officers, each individually and jointly and/or severally, used unreasonable force, caused and intended to cause, harmful and offensive contact leading directly to contact with the body of Fanta Bility constituting assault and battery on her person ultimately resulting in her suffering and death.

75.     By the conduct set forth above, by physically assaulting, battering, and shooting with specific intent to harm another leading directly to injuring the body of Mamsu Bility, Defendant Officers, each individually and jointly and/or severally, used unreasonable force and caused and intended to cause harmful and offensive contact with another resulting in injury to the body of Mamsu Bility constituting assault and battery.

76.     As a direct and proximate result of the aforementioned conduct, Fanta Bility suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

77.     As a direct and proximate result of the aforementioned conduct, Mamsu Bility suffered physical injury and pain, emotional distress, humiliation, mental and physical pain and anguish as well as economic and such other losses as will be established at trial.

## COUNT SEVEN
### PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT
### (Estate of Fanta Bility v. All Defendants)

78.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

79.     The Estate of Fanta Bility seeks damages under 42 Pa. C.S. sec. 8301 et. sec. for wrongful death and 42 Pa. C.S. sec. 8301 et. sec. for survivor damages.

## COUNT EIGHT
### PENNSYLVANIA NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Plaintiffs v. Defendant Officers)

80.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

81.     Defendant Police Officers acted with extreme negligence when they fired into a crowd of innocent bystanders.

82.     Up to the moment of her death, Fanta Bility suffered severe emotional distress due to Defendant Police Officers' negligence.

83.     Due to Defendant Police Officer's negligence, Mamsu Bility suffered a physical impact which caused severe emotional distress.

84.     Plaintiffs Tenneh Kromah, Abu Bility, Bangalee Bility and Mawatta Bility were all present in the zone of danger caused by Defendant Police Officers' negligence, and thus suffered severe emotional distress.

85.     Plaintiffs Tenneh Kromah, Abu Bility, Bangalee Bility and Mawatta Bility all suffered severe emotional distress from contemporaneously witnessing the tortious injuries caused by Defendant Officers to Fanta Bility and Mamsu Bility.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.     That this Court find that Defendants committed acts and omissions violating the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983;

2.     As to Count I, a judgment against Defendant Officers for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

3.     As to Count II, a judgment against Defendants Borough of Sharon Hill and Chief Herron for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

4.     As to Count III, a judgment against Defendant Officers for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

5.     As to Count IV, a judgment against Defendants Borough of Sharon Hill and Chief Herron for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

6.     As to Count V, a judgment against Defendants Borough of Sharon Hill for compensatory damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

7.      As to Count VI, a judgment against Defendant Officers for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

8.      As to Count VII, a judgment against all Defendants for compensatory, and in addition, for the Officer Defendants, punitive damages, in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

9.      As to Count VIII, a judgment against Defendant Officers for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest; and

10.     For such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

Respectfully Submitted,

*/s/ Bruce L. Castor, Jr.*

Date: 12/19/22                    By:     _____
                                          Bruce L. Castor, Jr.
                                          I.D. No. 46370
                                          Michael T. van der Veen
                                          I.D. No. 75616
                                          Attorneys for Plaintiffs
                                          1219 Spruce Street
                                          Philadelphia, PA 19107
                                          P: (215) 546-1000
                                          F: (215) 546-8529
                                          E: bcastor@mtvlaw.com