IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF FANTA BILITY, BY AND THROUGH SIDIKIE KAMARA, AS ADMINISTRATOR OF THE ESTATE OF FANTA BILITY et al. <br><br> *Plaintiffs,* <br><br> v. <br><br> BOROUGH OF SHARON et al. <br><br> *Defendants.* | CIVIL ACTION <br><br> No. 21-cv-04697 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SEAN DOLAN'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Answering Defendant Sean Dolan ("Answering Defendant"), by and through his undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, hereby submits his Answer to Plaintiffs' Third Amended Complaint with Affirmative Defenses.

**JURISDICTIONAL STATEMENT**

1 – 3. Denied as a conclusion of law.

**VENUE**

4. Denied as a conclusion of law.

**PARTIES**

5. Admitted upon information and belief.

6 - 8. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

9. Denied. The allegations in this paragraph refer to a Defendant other than Answering Defendant, to which no response is required.

10. Denied. The allegations in this paragraph refer to a Defendant other than Answering Defendant, to which no response is required.

11. Admitted in part, denied in part. It is admitted that Answering Defendant was duly appointed and acting as a part-time officer for the Sharon Hill Police Department at all times material to this matter. The remaining allegations in this paragraph are denied. By way of further response, to the extent that the allegations in this paragraph refer to Defendants other than Answering Defendant, no response is required.

**FACTS**

12. Denied as stated. It is admitted that on August 27, 2021, Answering Defendant was assigned to a security detail at the Academy Park High School Football Stadium and heard gunshots. The remaining allegations in this paragraph are denied. By way of further response, to the extent that the allegations in this paragraph refer to Defendants other than Answering Defendant, no response is required.

13. Admitted in part, denied in part. It is admitted only that patrons at the football game began to leave around the time the football game ended. The remaining allegations are denied.

14. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required.

15. Denied as stated. It is admitted upon information and belief that the vehicle was occupied by two 19-year old women.

16. Denied as stated. It is admitted that Answering Defendant fired shots at a vehicle under the belief that he was defending himself and others. The remaining allegations are denied.

By way of further answer, the allegations in this paragraph refer to Defendants other than Answering Defendant, to which no response is required.

17. Denied.

18. Admitted in part, denied in part. It is admitted that Fanta Bility was was stuck and killed by a gunshot. It is denied that Answering Defendant fired that shot that killed Fanta Bility.

19. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

20. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

22. Denied.

23. Admitted upon information and belief.

24. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

25. Admitted upon information and belief.

26. Admitted that the Borough Council released a report, said report is in writing and speaks for itself.

27. Denied. The report is in writing and speaks for itself.

28. Denied. After reasonable investigation, Answering Defendant is without knowledge as to the truth of the allegations set forth in this paragraph and demand strict proof thereof.

29. Denied. The report is in writing and speaks for itself.

30. Denied. The allegations in this paragraph refers to a Defendant other than Answering Defendant, to which no response is required.

31. Denied. The allegations in this paragraph refers to a Defendant other than Answering Defendant, to which no response is required.

32. Denied. The allegations in this paragraph refers to a Defendant other than Answering Defendant, to which no response is required.

33. Denied. The allegations in this paragraph refers to a Defendant other than Answering Defendant, to which no response is required.

34. Admitted in part, denied in part. It is admitted that prior to August 27, 2021, Answering Defendant was not provided with any reality based shooting training. The remaining allegations of this paragraph refer to Defendants other than Answering Defendant, to which no response is required.

35. Admitted in part, denied in part. It is admitted that prior to August 27, 2021, Answering Defendant was not provided with any reality based shooting training with a scoring system. The remaining allegations of this paragraph refer to Defendants other than Answering Defendant, to which no response is required.

36. Denied. The allegations in this paragraph refer to Defendants other than Answering Defendant, to which no response is required.

37. Denied. The allegations in this paragraph refer to Defendants other than Answering Defendant, to which no response is required. By way of further answer, the allegations in this paragraph contain contains conclusions of law, to which no response is required.

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1983
### FOURTH AMENDMENT VIOLATIONS
### (Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)

38. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth at herein at length.

39 - 43. Denied. The allegations in this paragraph contain conclusions of law, to which response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

### COUNT TWO
### VIOLATION OF 42 U.S.C. § 1983
### FAILURE TO TRAIN
### (Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)

44. Answering Defendant incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

45 - 50. Denied. The allegations in this paragraph contain conclusions of law, to which response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees

under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

### COUNT THREE
### VIOLATION OF 42 U.S.C. § 1983
### STATE CREATED DANGER
### (All Plaintiffs v. Defendant Officers)

52. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth herein at length.

53 - 60. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

### COUNT FOUR
### VIOLATION OF 42 U.S.C. § 1983
### STATE CREATED DANGER
### (All Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)

61. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth herein at length.

62 - 67. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

## COUNT FIVE
## VIOLATION OF 42 U.S.C. § 1983 (*Monell*)
## UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM
## (Estate of Fanta Bility v. Borough of Sharon Hill)

68. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth herein at length.

69 - 72. Denied. The allegations in this paragraph contain conclusions of law, to which response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

## COUNT SIX
## ASSAULT AND BATTERY
## (Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)

73. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth herein at length.

74 - 77. Denied. The allegations contained in this paragraph contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

## COUNT SEVEN
## PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT
### (Estate of Fanta Bility v. All Defendants)

78. Answering Defendant incorporates the preceding paragraphs of this Answer as if same were set forth herein at length.

79. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

## COUNT SEVEN
## PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT
### (Estate of Fanta Bility v. All Defendants)

80. Answering Defendant incorporates his Answers to the preceding paragraphs of this Answer as if same were set forth herein at length.

81 - 85. Denied. The allegations in this paragraph contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, inter alia, 42 U.S.C. § 1988, and any further relief deemed appropriate by this Honorable Court.

## PRAYER FOR RELIEF

Answering Defendant specifically denies that Plaintiffs are entitled to damages, as no viable claim against Answering Defendant exists. Instead, Answering Defendant requests that The Court enter judgment against Plaintiffs, together with costs, disbursements, and attorneys' fees, including but not limited to those available under 42 U.S.C § 1988, and any further relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Answering Defendant hereby demands a Jury Trial in this matter.

## AFFIRMATIVE DEFENSES

Answering Defendant reserves the right to assert any and all applicable defenses to Plaintiffs' claims. To date, Answering Defendant has not obtained adequate discovery from Plaintiffs in connection with this action. Answering Defendant reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the forgoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of F.R.C.P. 8(c), and without conceding that any such defense must be set forth in his Answer, Answering Defendant asserts the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Answering Defendant, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendant asserts all common law, statutory and qualified immunity to which he may be afforded.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendant asserts that Plaintiffs and Plaintiffs' decedent were, at all times relevant to the Complaint, afforded all rights and privileges to which they were entitled the United States Constitution, Pennsylvania Constitution, and all applicable state and federal laws.

**FOURTH AFFIRMATIVE DEFENSE**

Neither Plaintiffs' nor Plaintiffs' decedent suffered any injury or damages as a result of any improper acts or omissions by Answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs and Plaintiffs' decedent injuries, suffering and/or damages, if any, were caused by their own conduct, negligence, recklessness, disregard, and other behavior, and not in any way by the conduct of Answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs and Plaintiffs' decedent's injuries, sufferings and/or damages, if any, were caused by the conduct, negligence, recklessness, disregard, or other behavior of parties over whom Answering Defendant had no control, and no right of control, and were not caused in any way by the conduct of Answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' claims are barred pursuant to any judicial determination, in whole or in part, Answering Defendant claims same.

**EIGHTH AFFIRMATIVE DEFENSE**

Answering Defendant asserts all of the defenses available to him under the Civil Rights Act of 1871.

## NINTH AFFIRMATIVE DEFENSE

Negligent or careless conduct on the part of a defendant is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983, and Answering Defendants claim same as a defense.

## TENTH AFFIRMATIVE DEFENSE

No act, action or omission by Answering Defendant was the proximate cause or the legal cause of any damage allegedly sustained by the Plaintiffs' and this constitutes a complete defense to the within cause of action.

## ELEVENTH AFFIRMATIVE DEFENSES

Plaintiffs' claims for punitive damages are barred by Federal and/or State Law.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiffs or Plaintiffs' decent, although same are denied by Answering Defendant, resulted solely from conduct of third parties, not any violations of their civil rights by Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant, as a police officer was privileged under state law to use the force utilized and Answering Defendant cannot be liable for Assault and/or Battery because the force utilized was reasonable and necessary under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Wrongful Death and Survival Actions against Answering Defendant necessarily fail as they are derivative of the Assault and/or Battery claims against Answering Defendant, which fail because the force utilized by Answering Defendant was reasonable and necessary under the circumstances.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant, did not violate clearly established laws, and any and all claims against Answering Defendant are barred by application of the doctrine of Qualified Immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and subsequent decisions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

At no time material hereto did the Answering Defendant act in a willful wanton, reckless or malicious manner.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Answering Defendant were appropriate under the circumstances and based upon a reasonable, good faith belief that they were justified under the law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At no material time hereto did Answering Defendant act in a manner that shocks the conscience or act in a manner that created a danger to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

At no times material hereto was there a relationship between Answering Defendant and Plaintiffs such that Plaintiffs were foreseeable victims or members of a discrete class of persons subjected to any potential harm caused by the actions of Answering Defendant.

**WHEREFORE**, Answering Defendant, requests that Plaintiffs be denied all relief, that the Complaint be dismissed, and that Answering Defendant be awarded such relief as granted by law, including costs and counsel fees.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
John P. Gonzales, Esquire
Attorney I.D. No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Office:  (215) 575-2871
Fax:  (215) 575-0856
E-mail: jpgonzales@mdwcg.com
*Attorney for Defendant,*
*Sean Dolan*

Date: June 9, 2023

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of the Defendant, Sean Dolan's Answer to Plaintiffs' Third Amended Complaint was electronically filed with the Court on the below listed date and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: _____
John P. Gonzales, Esquire
Attorney I.D. No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Office: (215) 575-2871
Fax: (215) 575-0856
E-mail: jpgonzales@mdwcg.com
*Attorney for Defendant,*
*Sean Dolan*

Date: June 9, 2023