## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF FANTA BILITY, et al., | : | |
| | : | |
| Plaintiffs. | : | |
| | : | |
| v. | : | Docket No. 21-cv-04697 |
| | : | |
| BOROUGH OF SHARON HILL, et al., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT DEVON SMITH'S ANSWER TO PLAINTIFFS'
### THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Devon Smith ("Answering Defendant"), by and through his undersigned counsel, MacMain Leinhauser PC, hereby answers Plaintiffs' Third Amended Complaint (ECF 30) as follows, denying each and every averment set forth therein except as expressly admitted below:

### INTRODUCTION

The allegations in the alleged "Introduction" contained in Plaintiffs' Third Amended Complaint are denied. While this case arises from a tragic incident on August 27, 2021 involving gunfire outside the Academy Park High School football stadium and Sharon Hill Police Officers' response thereto, it is specifically denied that Answering Defendant fired the shots that struck Fanta Bility and Mamsu Bility.

### JURISDICTION

1.      Admitted in part and denied in part. It is admitted only that Plaintiffs bring this action under 42 U.S.C. § 1983, Answering Defendant does not contest jurisdiction or venue. The merits of the Third Amended Complaint are denied.

2.      Answering Defendant does not contest jurisdiction.

3.      Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant does not contest jurisdiction.

## VENUE

4.      Answering Defendant does not contest venue.

## PARTIES

5.      Admitted upon information and belief.

6-8.    Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

9.      Denied. The allegations in this paragraph refer to a party or person other than Answering Defendant and are therefore denied.

10.     Denied. The allegations in this paragraph refer to a party or person other than Answering Defendant and are therefore denied.

11.     Admitted in part and denied in part. It is admitted only that Answering Defendant was employed as a police officer with the Borough of Sharon Hill at all times material to this matter. The remaining allegations in this paragraph are denied. By way of further response, to the extent that the allegations in this paragraph refer to parties or persons other than Answering Defendant, the same are denied.

## ALLEGED FACTS

12.     Denied as stated. Answering Defendant was assigned to patrol and provide law enforcement services in the vicinity of the Academy Park High School Football Stadium on August 27, 2021. The remaining allegations in this paragraph are denied.

13.     Admitted in part and denied in part. It is admitted only that the football stadium began to empty around the time the football game ended.

14.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, to the extent that the averments in this paragraph are not deemed to be conclusions of law, the same are denied.

15.     Denied.

16.     Denied as stated. It is admitted only that Answering Defendant fired at the vehicle under the belief in the rapidly evolving situation that gunshots had been fired from the vehicle toward him and the other officers and civilians in the vicinity of the stadium.

17.     Denied.

18.     Admitted in part and denied in part. It is admitted only that Fanta Bility was struck and killed by a gunshot. It is specifically denied that Answering Defendant fired the shot that struck and killed Fanta Bility.

19.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

20.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

21.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

22.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

23-29.     Denied.

30.     Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

31.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

32-35.  Denied.

36.     Denied. The allegations in this paragraph refer to a party or person other than Answering Defendant and are therefore denied.

37.     Denied. The allegations in this paragraph refer to a party or person other than Answering Defendant and are therefore denied.

## COUNT ONE
## (ALLEGED) VIOLATION OF 42 U.S.C. § 1983
## (ALLEGED) FOURTH AMENDMENT VIOLATIONS
## (Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)

38.     Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length.

39-42.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that Answering Defendant fired the shot that struck and killed Fanta Bility.

43.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## COUNT TWO
## (ALLEGED) VIOLATIONS OF 42 U.S.C. § 1983
## (ALLEGED) FAILURE TO TRAIN
## <u>(Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)</u>

44.    Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length

45-51.    Denied. The allegations in this paragraph refer to a party or person other than Answering Defendant and are therefore denied.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## COUNT THREE
## (ALLEDGED) VIOLATIONS OF 42 U.S.C. § 1983
## (ALLEGED) STATE CREATED DANGER
## <u>(All Plaintiffs v. Defendant Officers)</u>

52.    Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length.

53-60.    Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and

attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by

This Honorable Court.

### COUNT FOUR
### (ALLEGED) VIOLATIONS OF 42 U.S.C. § 1983
### (ALLEGED) STATE CREATED DANGER
### (All Plaintiffs v. Defendants Borough of Sharon Hill and Chief Herron)

61.     Denied. Answering Defendant incorporates his Answers to the preceding

paragraphs as though set forth herein at length.

62-66.     Denied. The allegations in this paragraph refer to a party or person other than

Answering Defendant and are therefore denied.

67.     Denied.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court

enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and

attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by

This Honorable Court.

### COUNT FIVE
### (ALLEGED) VIOLATIONS OF 42 U.S.C. § 1983 (Monell)
### (ALLEGED) UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM
### (Estate of Fanta Bility v. Borough of Sharon Hill)

**68.     Denied. Answering Defendant incorporates his Answers to the
preceding paragraphs as though set forth herein at length.**

69-71.     Denied. The allegations in this paragraph refer to a party or person other than

Answering Defendant and are therefore denied.

72.     Denied.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court

enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and

attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## COUNT SIX
## (ALLEGED) ASSAULT AND BATTERY
### (Estate of Fanta Bility and Mamsu Bility v. Defendant Officers)

73.     Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length.

74-77.   Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, it is specifically denied that Answering Defendant fired the shot that struck and killed Fanta Bility or fired the shot that struck Mansu Bility.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## COUNT SEVEN
## (ALLEGED) PENNSYLVANIA WRONGFUL DEATH AND SURVIVOR ACT
### (Estate of Fanta Bility v. All Defendants)

78.     Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length.

79.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and

attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## COUNT EIGHT
## (ALLEGED) PENNSYLVANIA NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (All Plaintiffs v. Defendant Officers)

80.    Denied. Answering Defendant incorporates his Answers to the preceding paragraphs as though set forth herein at length.

81-85.  Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, Answering Defendant respectfully requests that This Honorable Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## PRAYER FOR RELIEF

It is specifically denied that Plaintiffs are entitled to damages against Answering Defendant, as no viable claim against Answering Defendant exits. To the contrary, Answering Defendant respectfully requests that This Court enter judgment in his favor and against Plaintiffs, together with costs, disbursements, attorneys' fees, including but not limited to those available under 42 U.S.C. § 1988, and any further relief deemed appropriate by This Honorable Court.

## JURY DEMAND

Answering Defendant hereby demands a Jury Trial in this matter.

## AFFIRMATIVE DEFENSES

Answering Defendant reserves the right to assert any and all applicable defenses to Plaintiffs claims.  To date, Answering Defendant has not obtained adequate discovery from

Plaintiffs in connection with this action.   Answering Defendant reserve the right to amend or otherwise supplement this pleading on that basis.  Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of F.R.C.P. 8(c), and without conceding that any such defense must be set forth in his Answer, Answering Defendant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendant violated any of Plaintiffs' constitutional rights or violated the Constitution or laws of the United States and the Commonwealth of Pennsylvania.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor Plaintiffs' decedent suffered any injury or damages as a result of any improper acts or omissions by Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiffs or Plaintiffs' decedent was a direct and proximate result of a third-party's conduct over which Answering Defendant had no control.

## SIXTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendant act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' or Plaintiffs' decedent's health, safety, and welfare.

## SEVENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto was Answering Defendant deliberately indifferent to the constitutional rights of Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are limited and/or barred by the applicable state constitutional, by the 14th, 5th and 8th Amendments to the United States Constitution and by the laws of the United States and the Commonwealth.

## TENTH AFFIRMATIVE DEFENSE

At no time material hereto was Answering Defendant deliberately indifferent to the safety or constitutional rights of the Plaintiffs and Plaintiffs' decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from all or part of the claims set forth in Plaintiffs' Third Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant did not willfully or intentionally commit any wrongful act causing injury or damage to the Plaintiffs or Plaintiffs' decedent.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541 *et seq*.  All defenses therein are incorporated by reference as though fully set forth at length herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiffs or Plaintiffs' decedent, although same are denied by Answering Defendant, resulted solely from conduct of third parties, not from any violations of their civil rights by Answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The actions of Answering Defendant were justified by the doctrines of self-defense and defense of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendant were appropriate under the circumstances and the use of force was reasonable, necessary, lawful and justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto the actions of Answering Defendant were appropriate under the circumstances and based upon a reasonable, good faith belief that they were justified under the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendant act in a manner that shocks the conscience or act in a manner that created a danger to Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

At no times material hereto was there a relationship between Answering Defendant and Plaintiffs and/or Plaintiffs' decedent such that Plaintiffs or Plaintiffs' decedent were foreseeable victims or members of a discrete class of persons subjected to any potential harm caused by the actions of Answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to qualified immunity regarding all or some of Plaintiffs' claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant did not violate clearly established law and, at all times material to this litigation, acted in a manner which was proper, reasonable and lawful and in the exercise of good faith and, as such, enjoys not only a right to qualified immunity but also a right not to go to trial as articulated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).


                                        **MacMAIN LEINHAUSER PC**


Date: June 9, 2023                By:    */s/ David J. MacMain*
                                        David J. MacMain
                                        PA Attorney I.D. No. 59320
                                        Brian C. Conley
                                        PA Attorney I.D. No. 311372
                                        433 W. Market Street, Suite 200
                                        West Chester, PA 19382
                                        *Attorneys for Defendant Devon Smith*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 9th day of June 2023, a copy of

the foregoing was served upon the following via ECF notification:

Bruce Castor, Jr., Esq.
van der Veen, O'Neill, Hartshorn and Levin
1219 Spruce Street
Philadelphia, PA 19107
*Attorney for Plaintiffs*

Robert DiDomenicis, Esq.
Holsten & Associates
One Olive Street
Media, PA 19063
*Attorney for Defendants Borough of Sharon Hill
and Chief Richard Herron*

Andrew J. Bellwoar, Esq.
Bellwoar Kelly LLP
126 W. Miner Street
West Chester, PA 19382
*Attorney for Defendant Brian Devaney*

John P. Gonzalez, Esq.
Jahlee Hatchett, Esq.
Marshall Dennehey
2000 Market Street, Ste. 2300
Philadelphia, PA 19103
*Attorneys for Defendant Sean Dolan*

**MacMAIN LEINHAUSER PC**

By:     */s/ David J. MacMain*
David J. MacMain
PA Attorney I.D. No. 59320
Brian C. Conley
PA Attorney I.D. No. 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant Devon Smith*

13