UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| ESTATE OF FANTA BILITY, et al., | : |
| | : |
| Plaintiffs, | : Case No. 21-CV-04697 (HB) |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| BOROUGH OF SHARON HILL, et al., | : |
| | : |
| Defendants. | : |

_____

### DEFENDANT DEVANEY'S ANSWER TO THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW comes the Defendant, Brian Devaney, by and through counsel Andrew Bellwoar, Esq., and hereby answers the Plaintiff's Third Amended Complaint (D.I. 30) as follows:

### INTRODUCTION

The allegations alleged in the "Introduction" contained in Plaintiffs' Third Amended Complaint are denied. Certainly, the events that led to shootings outside the Academy Park High School football stadium were a tragedy. The catalyst for those events were Angelo Ford and Hasein Strand. Defendant Devaney is simply not responsible for any injuries that day.

### JURISDICTION

1. Admitted in part and denied in part. Defendant Devaney does not contest jurisdiction or venue. The merits of the Third Amended Complaint are denied.

2. Admitted that jurisdiction is proper.

3. Denied.

## VENUE

4. Admitted that venue is proper.

## PARTIES

5. Admitted based on knowledge and belief.

6. Defendant Devaney is without precise knowledge of Fanta Bility's family members, and is thus without sufficient information to respond to the averments in this paragraph. Thus, this representation is currently denied.

7. Defendant Devaney is without precise knowledge of Fanta Bility's family members, and is thus without sufficient information to respond to the averments in this paragraph. Thus, this representation is currently denied.

8. Defendant Devaney is without precise knowledge of Fanta Bility's family members, and is thus without sufficient information to respond to the averments in this paragraph. Thus, this representation is currently denied.

9. Admitted based on information and belief.

10. The allegations in this paragraph are directed to another Defendant and constitute conclusions of law and/or the Plaintiffs' statement of the case. Thus, no response is required. To the extent a response is required, it is admitted that Richard Herron was the Chief of the Sharon Hill Police Department on August 27, 2021. Defendant Devaney is without knowledge or information sufficient to form a belief about all other averments related to the Chief's responsibilities.

11. Admitted in part, denied in part. Admitted that Defendant Devaney was employed as a police officer of the Sharon Hill Police Department. The remaining averments constitute conclusions of law, constitute the Plaintiffs' statement of the case, and/or are made in furtherance of allegations related to other parties. Thus, no response is required. To the extent a response is required: Denied.

## ALLEGED FACTS

12. Admitted in part, denied in part. Admitted that Defendant Devaney was assigned to patrol and provide law enforcement services in the area of the Academy Park High School Football Stadium on August 27, 2021. It is further admitted that Defendant Devaney heard, and responded to, gunfire nearby. All other averments are denied.

13. Admitted in part, denied in part. Admitted based on information and belief that there was only one open exit from the football stadium on August 27, 2021. It is further admitted that the stadium began to empty soon after the game ended. Denied that there were no other physical exits that existed—though they may have been blocked off.

14. Admitted in part and denied in part. Admitted that Defendant Devaney reasonably believed that the occupants of a certain vehicle driving near the Stadium were responsible for the recent shooting. The remaining averments are denied, including that Defendant Devaney's belief about the origin of the shots was unreasonable or reckless.

15. Admitted in part, denied in part. Admitted that Defendant Devaney now understands, based on information and belief, that there were two young women in the vehicle at the time of the shooting. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining facts. Thus, the other averments are denied.

16. Admitted in part, denied in part. Admitted based on information and belief that 25 shell casings from the Defendant Officers' firearms were recovered on-scene. It is further admitted that Defendant Devaney fired shots in the direction of the vehicle in question. Defendant Devaney also admits that he believed—based on a rapidly evolving situation involving gunfire—that he was authorized to use deadly force when firing at the car. All other averments are denied as stated.

17. Denied.

18. Admitted in part, denied in part. Admitted that Fanta Bility was struck by gunfire. Denied that Defendant Devaney fired the shot that struck Fanta Bility. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the remaining information in this paragraph. Thus, it is denied.

19. Admitted in part, denied in part. Admitted that Fanta Bility died shortly after being struck by gunfire. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the remaining information in this paragraph. Thus, it is denied.

20. Admitted in part, denied in part. Admitted that others were struck by gunfire. Denied that Defendant Devaney struck anyone with gunfire. With respect

to the remaining averments, Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the remaining information in this paragraph. Thus, any remaining statements are denied.

21. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

22. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

23. Admitted in part, denied in part. Admitted based on information and belief that Kelley Hodge, Esq., was hired to conduct an investigation by the Sharon Hill Borough Council. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the remaining information in this paragraph. Thus, it is denied.

24. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

25. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

26. Admitted in part, denied in part. Admitted based on information and belief that a redacted report was released. Defendant Devaney has not reviewed the report and thus is without sufficient knowledge to form a belief as to the truth or falsity of the remaining information in this paragraph. Thus, it is denied.

27. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

28. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

29. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

30. Admitted in part, denied in part. Admitted that the Sharon Hill Police Department had in place policies related to many of the topics that Plaintiffs cite. Because Defendant Devaney does not currently have access to those policies, he does not have sufficient information to precisely answer this allegation currently. Thus, all other averments are denied.

31. The allegations in this paragraph constitute conclusions of law to which no response is required, and typographical issues make the allegations unclear. To the extent a response is required: Denied.

32. The allegations in this paragraph are directed to another Defendant and constitute conclusions of law and/or Plaintiffs' statement of the case. Thus, no response is required. To the extent a response is required: Denied.

33. The allegations in this paragraph are directed to another Defendant and constitute conclusions of law and/or Plaintiffs' statement of the case. Thus, no response is required. To the extent a response is required: Denied.

34. Denied.

35. Admitted in part, denied in part. Admitted that Defendant Devaney's firearms training did not involve a "scoring system" beyond pass/fail. All other averments denied.

36. The allegations in this paragraph are directed to another Defendant and constitute conclusions of law and/or Plaintiffs' statement of the case. Thus, no response is required. To the extent a response is required: Denied.

37. The allegations in this paragraph are directed to another Defendant and constitute conclusions of law and/or Plaintiffs' statement of the case. Thus, no response is required. To the extent a response is required: Denied.

**COUNT I – Alleged Fourth Amendment Violations in Violation of 42 U.S.C. § 1983**

38. Defendant incorporates herein the preceding paragraphs by reference.

39. Denied. Furthermore, much of this paragraph is comprised of allegations that constitute conclusions of law and/or the Plaintiffs' statement of the case. Thus, no response to those portions is required. To the extent a response is required to Plaintiffs' legal conclusions: Denied.

40. Denied.

41. Denied.

42. This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is required: Denied.

43. This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is required: Denied.

WHEREFORE, Defendant Devaney respectfully requests that the Court enter a judgment in his favor together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

## COUNT II – Alleged Failure to Train in Violation of 42 U.S.C. § 1983

44. Defendant incorporates herein the preceding paragraphs by reference.

45. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

46. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

47. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

48. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

49. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

50. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

51. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

## COUNT III – Alleged State Created Danger in Violation of 42 U.S.C. § 1983

52. Defendant incorporates herein the preceding paragraphs by reference.

53. Admitted in part, denied in part. Admitted that Defendant Devaney was acting under the color of law and exercised his authority as a police officer to respond to an emergency situation: an active shooting. Defendant Devaney responded in the heat of the moment to the danger created by Angelo Ford and Hasein Strand. Thus, it is denied that Defendant Devaney was the person that "placed the Plaintiffs at serious risk of suffering substantial injury." That was Angelo Ford and/or Hasein Strand, who were part of the initial shooting. All other averments are also denied.

54. The allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

55. Denied. Specifically, Defendant Devaney was forced to respond in the heat of the moment to the danger created by Angelo Ford and Hasein Strand. Thus, Defendant Devaney was forced react because failing to act meant that others would remain in danger. Thus, it is denied that Defendant Devaney was the person that "placed the Plaintiffs at imminent and foreseeable risk of danger and harm." That person was the initial shooter.

56. The allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

57. Denied.

58. Denied.

59. Denied.

60. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required: Denied.

WHEREFORE, Defendant Devaney respectfully requests that the Court enter a judgment in his favor together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

## COUNT IV – Alleged State Created Danger in Violation of 42 U.S.C. § 1983

61. Defendant incorporates herein the preceding paragraphs by reference.

62. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph

constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

63. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

64. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

65. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

66. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

67. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

## COUNT V – Alleged Unconstitutional Policy, Practice Or Custom in Violation of 42 U.S.C. § 1983 (Monell)

68. Defendant incorporates herein the preceding paragraphs by reference.

69. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

70. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

71. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

72. The allegations in this paragraph do not require a response as this Count is addressed to other Defendants. Further, the allegations in this paragraph constitute conclusions of law and/or Plaintiffs' statement of the case, to which no response is required. To the extent a response is required: Denied.

## COUNT VI – Alleged Assault and Battery

73. Defendant incorporates herein the preceding paragraphs by reference.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

WHEREFORE, Defendant Devaney respectfully requests that the Court enter a judgment in his favor together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

### COUNT VII – Pennsylvania Wrongful Death and Survivor Act Allegations

78. Defendant incorporates herein the preceding paragraphs by reference.

79. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required: Denied.

WHEREFORE, Defendant Devaney respectfully requests that the Court enter a judgment in his favor together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

### COUNT VIII – Alleged Pennsylvania Negligent Infliction of Emotional Distress

80. Defendant incorporates herein the preceding paragraphs by reference.

81. Denied as stated. Defendant Devaney did not "fire into a crowd of innocent bystanders."

82. Defendant Devaney denies causing injury to Fanta Bility. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of Plaintiffs' Complaint. All allegations are therefore denied.

83. Defendant Devaney denies causing injury to Fanta Bility. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of Plaintiffs' Complaint. All allegations are therefore denied.

84. Defendant Devaney is without sufficient knowledge to form a belief as to the truth or falsity of the information in this paragraph. Thus, it is denied.

85. Defendant Devaney denies causing injury to Fanta Bility. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of Plaintiffs' Complaint. All allegations are therefore denied.

WHEREFORE, Defendant Devaney respectfully requests that the Court enter a judgment in his favor together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

## PRAYER FOR RELIEF

It is denied that the Plaintiffs have a claim against Defendant Devaney and thus the Plaintiffs are not entitled to damages. Instead, Defendant Devaney request that the Court enter a judgment in his favor and against the Plaintiffs, together with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, along with any other relief the Court deems appropriate.

## JURY DEMAND

Defendant Devaney demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

Defendant Devaney reserves the right to assert all applicable defenses under the law, regardless of whether they are listed below. To date, Plaintiffs have not provided adequate discovery to Defendant Devaney; thus, Defendant Devaney also reserves the right to amend or supplement this filing on that basis. With that understanding, Defendant Devaney asserts the following defenses:

### *First Affirmative Defense*

*Failure to State a Claim*: Plaintiffs failed to state a claim upon which the Plaintiffs can recover under the law.

### *Second Affirmative Defense*

*No Violation of Constitutional Rights:* Defendant did not take an action that, or did not fail to take an action that, violated the Plaintiffs' rights under the Constitution or laws of the United States of America and the Commonwealth of Pennsylvania.

### *Third Affirmative Defense*

*Justification:* Defendant Devaney's actions were justified under the circumstances in order to protect himself and others.

### *Fourth Affirmative Defense*

*Lack of Damages:* The Plaintiffs did not suffer any injury or damages as a result of Defendant Devaney's actions.

### Fifth Affirmative Defense

*Lack of Causation:* Defendant Devaney was not a direct or proximate cause of any injury to the Plaintiffs.

### Sixth Affirmative Defense

*Alternate Cause:* Any injury to the Plaintiffs was directly or proximately caused by others, including but not limited to Angelo Ford and Hasein Strand.

### Seventh Affirmative Defense

*Lack of Specific Intent:* Defendant Devaney acted without the specific intent to harm the Plaintiffs.

### Eighth Affirmative Defense

*Lack of Malicious Intent:* At no time did Defendant Devaney act in bad faith, wantonly, maliciously, or in total disregard for the Plaintiffs' health.

### Ninth Affirmative Defense

*Recklessness and Negligence Insufficient:* Merely reckless, negligent, or carless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### Tenth Affirmative Defense

*Lack of Forseeability:* Even if the Plaintiffs were to establish Defendant Devaney caused harm to one or both Plaintiffs, it was not foreseeable that his actions could have caused harm to the Plaintiffs.

## *Eleventh Affirmative Defense*

*No Punitive Damages:* Some or all of the Plaintiffs' requests for punitive damages are limited and/or barred by the state and federal constitution and by the laws of the United States and the Commonwealth.

**WHEREFORE**, Defendant Devaney denies that he is liable on the causes of action declared herein and demands judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.

Respectfully submitted,

BY: */s/ Andrew Bellwoar*
Andrew J. Bellwoar, Esq.
On behalf of Officer Brian Devaney, Defendant
Bellwoar Kelly, LLP; (610) 314-7066
126 W. Miner Street, West Chester, PA 19380
PA ID 54096; ABellwoar@BellwoarKelly.com

Dated: June 9, 2023